ABRAHAM LANDAU, Plaintiff, *v.* WILLIAM J. WOLLMAN and Others, Doing Business under the Firm Name of W. J. WOLLMAN & Co., Defendants.

Municipal Court of New York, Borough of Manhattan, First District, July 21, 1932.

*Lucius P. Wasserman* and *M. J. Shagan* [*Samuel Wasserman,* attorney], for the plaintiff.

*Aaron B. Coleman* [*Wollman & Wollman,* attorneys], for the defendants.

CARLIN, J.    I hereby find and decide that after trial defendants are entitled to judgment against plaintiff dismissing his complaint on the merits.    Had there been a sale of the stock on February 28, 1929, at $84\frac{1}{4}$, the defendants' confirmation slip, dated that day, might have worked an estoppel, but as it is conceded that no sale higher than $84\frac{1}{8}$ took place on that date, the plaintiff cannot contend that the defendants could not show that the confirmation slip was issued by mistake.    Whether the case is regarded as one based

on contract, as the complaint alleges, or sounding in tort, the court is of the opinion that the plaintiff has not established his cause of action by a fair preponderance of the credible evidence.

The amendment of defendants' answer on trial to include plea of the Statute of Limitations was not prejudicial, as no such defense was considered by the court in arriving at its decision by reason of the fact that whether the case be regarded as being predicated on contract or based on tort, the Statute of Limitations, as a defense, is inapplicable, as the action was brought within the period allowed on either theory.

I order and adjudge that said defendants have judgment accordingly.

Five days' stay of execution.